UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, SR., CDCR #T90225,<br>Plaintiff,<br>vs.<br>BORREGO SPRINGS CORRECTIONAL FACILITY; THE COUNTY OF SAN DIEGO; DOES 1 TO 50,<br>Defendants. | Case No.: 26-cv-04980-BAS-VET<br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE OR MOVE TO PROCEED IN FORMA PAUPERIS** |

On August 31, 2026, Plaintiff Lonnie Lee Poslof, Sr., currently incarcerated at California Health Care Facility ("CHCF") in Stockton and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) For the reasons explained, the Court dismisses the action *sua sponte* without prejudice.

## I. Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). In addition, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in increments, regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he filed a motion seeking permission to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to either pay the $405 in civil filing and administrative fees or submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **GRANTS** Plaintiff 45 days' leave from the date this Order is filed to either: (a) prepay the entire $405 filing and administrative fee; or (b) complete and file a motion to proceed IFP, including a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b)[1]; and

(3) **DIRECTS** the Clerk of Court to provide Plaintiff a Court-approved form titled "Motion and Declaration in Support of Motion to Proceed IFP" for his convenience.

---

[1] Should Plaintiff re-open the case by prepaying the filing fee or submitting a properly supported IFP motion, his Complaint will be subject to screening and may be dismissed pursuant to 28 U.S.C. §§ 1915A(b) or 1915(e)(2)(B).

Should Plaintiff fail to either pay the full $405 fee or fail to submit a properly completed motion to proceed IFP within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**